# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:12CV26-RLV-DSC

| | |
|---|---|
| ELLEN POPE,<br>       Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>       Defendant. | **MEMORANDUM AND RECOMMENDATION OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and "Memorandum in Support ..." (document #12), both filed August 7, 2012; and Defendant's "Motion for Summary Judgment" (document #15) and "Memorandum in Support ... (document #16), both filed November 8, 2012. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that Defendant's decision to deny Plaintiff Social Security disability benefits is <u>not</u> supported by substantial evidence. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>, and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

---

[1]Pursuant to the Pretrial Scheduling Order entered on May 10, 2012, this matter is ripe upon the filing of Defendant's Motion and Memorandum. <u>See</u> Document #6. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply in Social Security appeals.

# I. PROCEDURAL HISTORY

On January 15, 1988, Plaintiff applied for disability insurance benefits ("DIB"), alleging that she had been disabled since November 18, 1987. (Tr. 14, 22). Her application was denied on February 28, 1989. (Tr. 22).[2] Pursuant to the Hyatt, et al. v. Shalala (W.D.N.C. No. C-C83-665-MU) Class Action Settlement Order (Hyatt III), the Social Security Administration ("the Agency") conducted a review of Plaintiff's claim in August 2008. (Tr. 26, 36).

On April 7, 2009, the Agency affirmed its prior denial of Plaintiff's claim (Tr. 32-33). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 8, 2010. (Tr. 34, 848).

On July 9, 2010, the ALJ issued a decision finding that Plaintiff was not disabled. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of November 18, 1987, through her date last insured of December 31, 1992. (Tr. 11-20).[3] The ALJ also found that Plaintiff suffered from asthma, angina, hypertension, chronic obstructive pulmonary disease ("COPD"), and back problems, which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 16). The ALJ then considered whether Plaintiff could return to her past relevant work. The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[4] to

---

[2] Plaintiff's original claim file has been lost. Accordingly, her original application and other administrative documents are not part of the record.

[3] For purposes of disability benefits (DIB), a claimant must prove disability prior to her date last insured. Johnson v. Barnhart, 434 F.3d 650, 655-656 (4th Cir. 2005). Plaintiff's date last insured for DIB was December 31, 1992 (Tr. 54).

[4] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

perform medium work,[5] with restrictions "that she must avoid excessive pollutants and temperature/humidity extremes to avoid further exacerbations of her asthmatic and COPD symptoms."(Tr. 18). Based on this RFC, the ALJ found that Plaintiff was unable to perform her past relevant work (Tr. 19). The ALJ determined that in light of Plaintiff's RFC, age, education, and work experience, a finding of "not disabled" was appropriate under the framework of Medical-Vocational Rule 203.26. (Tr. 19). Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant time period. (Tr. 20).

Plaintiff timely requested review by the Appeals Council and offered as "new evidence" medical records from three hospital admissions during June, July, and September of 1988.

By notice dated December 23, 2011, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on February 27, 2012. On appeal, Plaintiff assigns error to the Appeals Council's decision not to remand for consideration of new evidence; to the ALJ's evaluations of her credibility and RFC; and to his reliance on the Medical-Vocational Rules in determining that there were sufficient numbers of jobs in the national economy that Plaintiff could perform. See Plaintiff's "Memorandum in Support ..." at 11-21 (document #12). The parties' motions are ripe for disposition.

---

[5]"Medium" work is defined in 20 C.F.R. § 404.1567(c) as follows:
    Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483

F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. **DISCUSSION OF CLAIM**

The question before the ALJ was whether Plaintiff became "disabled" as that term of art is defined for Social Security purposes before the expiration of her insured status on December 31, 1992. [6] It is not enough for a claimant to show that she suffered from severe medical conditions or impairments which later became disabling. Rather, the subject medical conditions must have become disabling prior to the date last insured. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971) (no "manifest error in the record of the prior administrative proceedings" where Plaintiff's conditions did not become disabling until after the expiration of his insured status).

Plaintiff argues that the ALJ's assessment of her credibility is not supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the

---

[6] Under the Social Security Act, 42 U.S.C. §301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The ALJ's decision must "contain specific reasons for the finding on credibility, supported by evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *4.

The ALJ's credibility analysis consisted of the following two paragraphs:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
> In terms of the claimant's alleged an [sic] inability to stand for prolonged periods of time, unable to use upper bilateral extremities under any capacity including overhead reaching, shortness of breath, and chest, pain, the objective medical evidence of record as a whole was found to be non-supportive by the claimant's subjective allegations.

(Tr. 18).

In his Memorandum in Support, Defendant acknowledges that "the ALJ's discussion of Plaintiff's credibility is cursory," document #16 at 6, but argues that "his decision, when read as a whole, reflects that he conducted a sufficient credibility analysis." Id. (citing Smith v. Astrue, 457

6

F. App'x 326, 328 (4th Cir. 2011) (holding that although the ALJ's credibility analysis was "cursory,... [r]eading the ALJ's decision as a whole" showed that he considered the relevant records and that substantial evidence supported his findings)).

After reviewing the record as a whole, the Court finds that the ALJ failed to conduct a sufficient credibility analysis. The ALJ discussed only a portion of the medical record, see Tr. 16-17, and made no mention of "any other evidence relevant to the severity of the impairment, such as evidence of [Plaintiff's] daily activities, specific descriptions of [her] pain, and any medical treatment taken to alleviate it." Craig, 76 F.3d at 595. Because the ALJ's assessment of Plaintiff's RFC was based in large part on his discounting of her subjective complaints, see Tr. 18, his failure to thoroughly analyze her credibility requires remand. Accordingly, the ALJ's decision that Plaintiff was not disabled during the relevant time period is not supported by substantial evidence.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #11) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #15) be **DENIED**; that the Commissioner's decision be **REVERSED**; and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[7]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

---

[7] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation of Remand to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED**.

Signed: November 16, 2012

David S. Cayer
United States Magistrate Judge